### HOPE *v.* BREWER *et al.*

(*Supreme Court, General Term, First Department. June 3, 1892.*)

1. WILLS—CONSTRUCTION—TRUSTS.

     Testator, by his will, after providing for several bequests, bequeathed the entire residue of his estate to his executors, in trust to found and endow an infirmary. This residuary devise he revoked by codicil directing that instead thereof his said trustees should, "as soon after my decease as they can conveniently do so," realize the entire residue "of my said property and estate so bequeathed to them," and pay the whole proceeds thereof to certain persons, resident in Scotland, "as trustees, and in trust" for the benefit of a charity there. *Held*, that he did not thereby create a trust upon a trust, the executors taking no estate in the lands, and being merely charged with the administration of the will.

2. SAME—PERPETUITIES.

     A devise to executors, with a direction to convert into money as soon after testator's decease "as they can conveniently do so," is not an illegal suspension of the power of alienation.

3. CONFLICT OF LAWS—TRUST—PLACE WHERE ADMINISTERED.

     A bequest to foreign trustees on a trust which is valid under the law of the trustees' domicile, where it is to be administered, will be enforced in New York, testator's domicile, though the trust is repugnant to the New York statute against perpetuities. 15 N. Y. Supp. 849, affirmed.

Appeal from special term, New York county.

Action by John Hope, by James R. Cuming, his guardian *ad litem*, against William A. Brewer, Jr., and Edward B. Crowell, individually and as executors and trustees of the will and codicil of Thomas Hope, deceased, to contest the validity of a residuary bequest. From a judgment at special term sustaining the will and codicil, (15 N. Y. Supp. 849,) plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*Vanderpoel, Cuming & Godwin*, (*Delos McCurdy*, of counsel,) for appellant. *Robert Hunter McGrath, Jr.*, and *Daniel G. Rollins*, for Malcolm and others, respondents. *Foster & Thomson*, (*James Thomson*, of counsel,) for executors, respondents.

·O'BRIEN, J. The testator, who was born at Langholm, in Scotland, lived for many years in the city of New York, and died in Connecticut in March, 1890, unmarried, without issue, leaving neither father nor mother surviving. His only next of kin and heirs at law are a sister, Jane Hope, two nieces, and a nephew, John Hope, the plaintiff; the last three being children of a deceased brother. His property, comprising both realty and personalty, he disposed of by giving to his sister $30,000, to his nephew and nieces $10,000 each, to numerous charitable societies absolute bequests aggregating $50,000; and the entire residue of his estate was given to Malcolm, Maxwell, and Smellie of Scotland, to be used by them in founding and endowing at Langholm an institution for the benefit of the town, to be called "The Thomas Hope Hospital for the Poor." The question turns upon the validity of the trust created by the twenty-sixth clause of the will and the second codicil thereto. By the twenty-sixth article the testator bequeathed all the rest, residue, and remainder of his estate to his executors, Brewer and Crowell, in trust to found and endow an infirmary; but whether the provisions of this article are valid or not we are not called upon to determine, for the reason that they are abrogated by the second codicil, which practically revokes the twenty-sixth article of the will, and changes so much thereof as relates to the founding of an institution by taking from the executors and trustees, Brewer and Crowell, the power conferred upon them, and substituting the following: "Instead of said institution being founded and endowed by my said trustees, * * * I direct them, as soon after my decease as they can conveniently do so, to realize all the rest, residue, and remainder of my said property and estate so bequeathed to them, and to pay, assign, and make over the whole proceeds thereof when and as soon as realized to and in favor of Malcolm, Maxwell, and Smellie, as trustees, and in trust to the end that they may apply the same in founding, endowing, and maintaining an institution for the care and relief of sick or infirm persons, to be established and located at Langholm." It will thus be seen that the testator, by this second codicil, gives his entire residuary estate, after directing that it shall be converted into money, to three trustees resident in Scotland, in trust, in perpetuity, for the benefit of a charity to be administered in that country.

The appellant insists that all these testamentary papers, taken together, made dispositions of real and personal estate which are wholly void and invalid because the subject and object of such dispositions are each indefinite and uncertain, and because the power of alienation of real estate and the absolute ownership of personal estate are suspended by their force. Considering the language of the will and codicils, we do not understand that any contention arises as to the intent of the testator to convert the entire estate into personalty, and to distribute the same to the various legatees to whom portions of the estate were bequeathed. It is insisted, however, that the testator in effect created two trust estates,—one in favor of the resident executors and trustees, and through them another in favor of the Scotch trustees; and appellant therefore contends that, as the gift of the residuary estate through

the first trust to the Scotch trustees in trust is invalid, the equitable conversion of the real estate into personalty does not take effect. The error into which, we think, the appellant has fallen is in assuming that a trust in favor of the executors was created which required the vesting of a legal estate in them. The testator intended, just what in all cases is necessary, that the estate should be administered upon for the purpose of paying debts and legacies. Here the executors were charged with that duty, to the end that after reducing the estate to personal property the proceeds might be distributed to the various legatees, among whom were the Scotch trustees to whom the residuary estate was given. It is true that the validity of the gift of the residuary estate in trust to Brewer and Crowell, executors and trustees, must be determined by the laws of this state, and this, whether the trust relates to real estate, personal property, or both; and that a gift in contravention of the law of the testator's domicile would be void everywhere. *Chamberlain* v. *Chamberlain*, 43 N. Y. 433. In respect to the bequest to the Scotch trustees, who are not shown to be subject to any disability here or at the place of their domicile, they are competent to take the estate. Our laws do not prohibit the bequest or taking; and the evidence shows that under the law of Scotland the bequest made was a legal and valid bequest to the Scotch trustees for a charitable use. Whether such a trust could be created and enforced in this state is not the question; for, in view of the unvarying line of decisions made by our courts, "it is no part of the policy of the state of New York to interdict perpetuities or gifts in mortmain" in other states or countries. *Manice* v. *Manice*, 43 N. Y. 303; *Chamberlain* v. *Chamberlain*, Id. 424. As said by ALLEN, J., in *Chamberlain* v. *Chamberlain*, in respect to a bequest which would have been invalid if made to a New York corporation: "Bequests in aid of foreign charities, valid and legal in the place of their existence, will be supported by the courts of the state in which the bequests are made."

This leaves but a single other question, which is the one that was mainly urged upon this appeal, as to whether or not the management and control of the estate conferred upon the executors, Brewer and Crowell, created a trust which was invalid, as unlawfully suspending the power of alienation of the real property and the absolute ownership of the personal property, so as to prevent the application of the principle of equitable conversion. It has been frequently held that trustees only take such an estate in quantity and duration as is requisite to supply the lawful purposes of the trust. And in determining whether or not the power of alienation has been illegally suspended it remains to determine what duties or trusts were created which it was necessary for the executors or trustees, Brewer and Crowell, to possess or have in order to discharge the duties imposed upon them. That they took no estate in the lands, and that they were required to immediately convert the real estate into personalty, are plainly manifest from the language of the testator. The words used are positive and mandatory. The will makes it incumbent upon the executors to sell all the testator's real estate, and does not in any respect leave it to their judgment or discretion; nor is there any duty imposed upon them which requires them to hold the estate beyond such a period as is required for a reduction into money and a distribution to the legatees designated in the will. We do not, therefore, think that the contention of the appellant can be maintained, that no time is limited within which the executors of the will are to pay over the fund to Malcolm, Maxwell, and Smellie, or that the same is void because the fund is not limited upon a life or lives in being. As stated by the learned justice below: "There is nothing in the will that postpones the period of payment of the legacy to the Scotch trustees. On the contrary, they are directed to pay it as soon as realized, and it stands in this respect in the same position as every other legacy in the will, and the law requires it to be paid in the ordinary course of administration." All the other questions upon appeal were disposed of by the court below, and we might well have rested

the affirmance upon the careful opinion rendered by the learned judge, which clearly and fully disposed of all the questions now presented. Upon an examination, we see no reason for disturbing the conclusion reached by him, and we are therefore of opinion that the judgment appealed from should be affirmed, with costs. All concur.